# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * * *
|  |  |
|---|---|
| WALTER RAY GRAVES and LISA | * |
| GRAVES as representatives of the estate | * |
| of HAYLEY NICOLE GRAVES, | *     No. 02-1211V |
| deceased, | *     Special Master Christian J. Moran |
|  | * |
|           Petitioners, | * |
|  | *     Filed: April 26, 2013 |
| v. | * |
|  | * |
| SECRETARY OF HEALTH | *     Attorneys' fees and costs; stipulation of |
| AND HUMAN SERVICES, | *     fact; award in the amount to which |
|  | *     respondent does not object |
|           Respondent. | * |
|  | * |

* * * * * * * * * * * * * * * * * * * * * * * * *

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

Richard Gage, Cheyenne, WY, for Petitioner;
Lisa A. Watts, U.S. Department of Justice, Washington, D.C., for Respondent.


      Respondent filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter on April 18, 2013.  Previously, on March 27, 2013, petitioners filed an application for final attorneys' fees and costs.[2]  In informal discussions, respondent raised objections to certain items in petitioners' final application.  Based on these discussions, petitioners amended their final application to request reimbursement for attorneys' fees and costs to the firm of Richard Gage, PC, in the amount of $171,122.54.  In addition, petitioners personally incurred reimbursable out-of-pocket litigation costs in the amount of $5,877.46.  Respondent does not object to the amended request.  The Court awards this amount.

---

      [1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website.  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master will appear in the document posted on the website.

      [2] Previously, by stipulation of the parties, petitioners were awarded interim attorneys' fees and costs in the amount of $136,692.60.  Decision, filed Apr. 27, 2009.

Petitioners filed their petition on September 16, 2002 and were awarded compensation on February 25, 2013. Judgment entered on February 26, 2013. Because petitioners received compensation, they are entitled to an award of attorneys' fees and costs. 42 U.S.C. § 300aa-15(e).

Petitioners seek a total of **$171,122.54** in attorneys' fees and costs for their counsel. Additionally, in compliance with General Order No. 9, petitioners have shown that they incurred **$5,877.46** in reimbursable out-of-pocket litigation expenses while pursuing this claim. Respondent has no objection to the amounts requested for attorneys' fees and costs, and petitioners' costs, which total **$177,000.00**.

After reviewing the request, the court awards:

A. **A lump sum payment of $171,122.54 in the form of a check payable jointly to petitioners and petitioners' counsel, the firm of Richard Gage, PC, for attorneys' fees and costs available under 42 U.S.C. §300aa-15(e);** and

B. **A lump sum payment of $5,877.46 in the form of a check payable to petitioners for out-of-pocket expenses incurred by petitioners in proceeding on the petition.**

The court thanks the parties for their cooperative efforts in resolving this matter.

The Clerk shall enter judgment accordingly.[3]

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.